UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FERRISS, an individual; and KRISA PERFORMANCE, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE PUBLISHING, INC.; ALLIANCE PUBLISHING SERVICES, INC., a Florida corporation; WEALTH PARTNERS PUBLISHING, an Illinois corporation; CANDICE CUNNINGHAM, an individual; PEAGAN TWITTY, an individual; and DOES 1-50, inclusive.<br><br>Defendants. | Case No. 3:15-cv-05675-EMC<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Honorable Edward M. Chen |

*Per the parties' stipulation (Dkt # 68)*

1. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

## FINDINGS AND CONCLUSION

1. This is an action for violation of the right of publicity (Cal. Civ. Code § 3344), false designation of origin (15 U.S.C. § 1125(a)), trademark infringement (15 U.S.C. § 1114), and California statutory unfair competition (Cal. Bus. & Prof. Code. § 17200 *et seq.*).

2. The First Amended Complaint alleges that Defendants Candice Cunningham and Wealth Partners Publishing violated Plaintiffs' rights by advertising a "get rich quick" scheme that featured the unauthorized use of Plaintiff Ferriss' photograph, persona, and name and the unauthorized use of the following trademarks owned by Plaintiff Krisa Performance: TIM FERRISS, TIMOTHY FERRISS, and THE 4-HOUR WORKWEEK.

3. Cunningham and Wealth Partners Publishing, at the direction of defendant Alliance Publishing, Inc., distributed the flyer to approximately 27,500 individuals whose names and addresses came from the list broker that had been provided in a package by defendant Alliance Publishing, Inc. Defendant Alliance Publishing, Inc.'s package also included the flyer's form and substance, including the above unauthorized content and unauthorized use.

4. In the First Amended Complaint, Ferriss and Krisa Performance sought, among other relief, injunctive relief under Cal. Civ. Code § 3344 and 15 U.S.C. § 1116.

5. The Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), 1338(b) (related unfair competition), and 1367 (supplemental jurisdiction).

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

7. Venue is proper in this Court under 28 U.S.C. § 1391.

8. The Court has personal jurisdiction over Cunningham and Wealth Partners Publishing for the purposes of entry and enforcement of this Final Judgment and Permanent Injunction.

## JUDGMENT

Judgment is entered in favor of Plaintiffs and against Cunningham and Wealth Partners Publishing as follows: On Counts 1 (Right of Publicity, Cal. Civ. Code § 3344) and 2 (False

Designation of Origin, 15 U.S.C. § 1125(a)), in favor of Plaintiff Ferriss; on Count 3 (Trademark Infringement, 15 U.S.C. § 1114), in favor of Plaintiff Krisa Performance; on Count 4 (Unfair Competition, Cal. Bus. & Prof. Code. § 17200 *et seq.*), in favor of both Plaintiffs Ferriss and Krisa Performance. Cunningham and Wealth Partners Publishing shall be jointly and severally liable for $7,000.00 in monetary damages, but without costs and/or attorneys' fees to any party.

## INJUNCTION

Cunningham and Wealth Partners Publishing are each enjoined as follows:

1. They will not use (or encourage, enable or induce others to use) Mr. Ferriss' photograph, persona, and name in connection with any products and/or services, including in connection with the http://wealth-partners.org/ website.

2. They will not state or imply (or encourage, enable or induce others to state or imply) that Mr. Ferriss in any way endorses any products and/or services offered by Cunningham or Wealth Partners Publishing.

3. They will not use (or encourage, enable or induce others to use) in any manner whatsoever the TIM FERRISS, TIMOTHY FERRISS and THE 4-HOUR WORKWEEK trademarks, any other trademark owned by the Plaintiffs, or any confusingly similar mark, logo, trade name, domain name or other source identifier, without Plaintiffs' express written consent.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Judgment and Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment and Injunction by personal service or otherwise.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Judgment and Injunction is final and may not be appealed by any of the parties. The Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

**IT IS SO ORDERED.**

DATED this 17th day of October, 2016.

_____
Edward M. Chen
United States District Judge